**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　Plaintiff<br><br>vs.<br><br>Ideal Financial Solutions, Inc., et al.,<br><br>　　　　Defendants | Case No.: 2:13-cv-00143-JAD-GWF<br><br>**Order re Motion to Strike the Answer of Corporate Defendants and Direct the Court Clerk to Enter a Default [Doc. 45]** |

　　　On April 25, 2013, Steven Sunyich, as the Chief Executive Officer for Defendants Ideal Financial Solutions, Inc. and related entities Ascot Crossing, LLC; Bracknell Shore, LTD, Chandon Group, Inc., (and also purportedly on behalf of non-parties he describes as "entities not listed in the FIRST AMENDED COMPLAINT as defendants, but referred therein-namely: Debt Elimination Systems, LLC; and Dollars West, LLC"), filed a document entitled "Response for entities: Ideal Financial Solutions, Inc., Ascot Crossing, LLC, Bracknell Shore, Ltd., [and] Chandon Group, Inc." Doc. 40.  It does not appear that Mr. Sunyich is an attorney, but he has executed and filed this document on behalf of these entities.

　　　Artificial entities such as corporations, limited liability companies, and limited partnerships can only appear in Federal Court through licensed attorneys.  *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 2013) (citing *Rowland v. California Men's Colony*, 113 S. Ct. 716, 721 (1993)); 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007).  A lay person like Mr. Sunyich may not represent the separate legal entity defendants in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ideal Financial Solutions, Inc., Ascot Crossing, LLC, Bracknell Shore, LTD, and Chandon Group, Inc. shall have 20 days from the date of this Order within which to (1) retain an attorney and (2) have that attorney file a proper response to the operative complaint on their behalf.  These defendants are strongly cautioned that failure to timely obtain proper representation or file a proper response may result in the striking of their Response [Doc. 40] and the entry of default.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike the Answer of Corporate Defendants and Direct the Court Clerk to Enter a Default [Doc. 45] is DENIED as premature and without prejudice.  Should these corporate defendants fail to timely retain counsel and file a proper response through counsel, the FTC may re-urge that the corporate defendants' Response be stricken and that default be entered for violation of this order.

DATED October 3, 2013.

_____
Jennifer A. Dorsey
United States District Judge