1

2    R. MICHAEL WALLER
     MEGAN A. BARTLEY
3    Attorneys
     Federal Trade Commission
4    600 Pennsylvania Avenue NW
     Mailstop M-8102B
5    Washington, D.C. 20580
     Phone:  (202) 326-2902 (Waller)
6    Phone:  (202) 326-3424 (Bartley)
     Facsimile:  (202) 326-2558
7    Email:  rwaller@ftc.gov, mbartley@ftc.gov

8    DANIEL G. BOGDEN
     United States Attorney
9    District of Nevada
     BLAINE T. WELSH
10   Assistant United States Attorney
     Nevada Bar No. 4790
11   333 Las Vegas Blvd. South, Suite 5000
     Las Vegas, Nevada 89101
12   Phone:  (702) 388-6336
     Facsimile:  (702) 388-6787
13
     *Attorneys for Plaintiff*
14   *Federal Trade Commission*

15

16

17                    UNITED STATES DISTRICT COURT

18                        DISTRICT OF NEVADA

19

20   **Federal Trade Commission**,                 Case No.:  2:13-CV-00143-JAD-GWF

21                          Plaintiff,              **STIPULATED ORDER**
                    v.
22                                                  **FOR PERMANENT INJUNCTION AND**

23   **Ideal Financial Solutions, Inc., et al.**    **MONETARY JUDGMENT**

24   .                                              **(Shawn Sunyich)**
                            Defendants.
25

Plaintiff, the Federal Trade Commission, filed and served its Complaint, subsequently amended in the First Amended Complaint ("Complaint"), for a permanent injunction, and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. 53(b).  The Commission and Defendant Shawn Sunyich stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint alleges that Defendant participated in unfair and deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in his unauthorized billing and debiting of consumers, and refund misrepresentations.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    **"Cash-to-Cash Money Transfer"** means the electronic transfer of the value of cash received from one person to another person in a different location that is sent by a Money Transfer Provider and received in the form of cash, including but not limited to, a remittance transfer that is a cash-to-cash transaction.

B.    **"Cash Reload Mechanism"** means functionality that makes it possible to convert cash into an electronic form that a person can use to add money to a general-use prepaid card or an online account with a payment intermediary. For purposes of this definition, a Cash Reload Mechanism (1) is purchased by a person on a prepaid basis, (2) enables access to the funds via an authorization code or other security measure, and (3) is not itself a general-use prepaid card.

C.    **"Charge"** (as a noun or verb) means any claimed obligation to pay against a Financial Account, any debit, or any other withdrawal from a Financial Account.

D.    **"Corporate Defendants"** means Ideal Financial Solutions, Inc.; Ascot Crossing, LLC; Chandon Group, Inc.; Bracknell Shore, Ltd.; Fiscal Fitness, LLC; Avanix, LLC and their successors and assigns.

E.     **"Credit-Related Product or Service"** means a product or service that is represented, expressly or by implication, to (a) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving credit in any form; (b) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving debit or prepaid or stored value cards; (c) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (d) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any advice or assistance with regard to payday loans or any other form of credit; or (e)

provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any service represented, expressly or by implication, to renegotiate, settle, in any way alter the terms of payment or other terms of, or otherwise manage the debt between a consumer and one or more creditors, servicers, or debt collectors.

F.     "**Defendant**" means Shawn Sunyich.

G.     **"Financial Account"** means a credit card, debit card, pre-paid or stored value card, bank account, or any other account through which a consumer can be Charged.

H.     "**Individual Defendants**" means Shawn Sunyich, Steve Sunyich, Christopher Sunyich, Michael Sunyich, Melissa Sunyich Gardner, Jared Mosher, and Kent Brown.

I.      **"Money Transfer Provider"** means any person or financial institution that provides Cash-to-Cash Money Transfers for a person in the normal course of its business, whether or not the person holds an account with such person or financial institution.

J.     "**Receiver**" means Thomas McNamara of Ballard & Spahr and any affiliates or subsidiaries thereof controlled by any of them, appointed as Permanent Equity Receiver over Individual Defendants, Corporate Defendants, and Receivership Entities, pursuant to Section IX of the Preliminary Injunction and Other Equitable Relief entered in this case on February 15, 2013.

K.     **"Receivership Entity"** means the Corporate Defendants and any entities that are part of Corporate Defendants' and Individual Defendants' common enterprise, including but not limited to Debt Elimination Systems, LLC; US Debt Relief, LLC; Money Mastery, LLC; US Debt Assistance Corp.; IWB Services (St. Kitts); Financial Fitness, LLC; Debt to Wealth, LLC (St. Kitts); Debt to Wealth, LLC (Nevada); Ideal Goodness, LLC; Dollars West, LLC; Fluidity, LLC; Newport Sails, LLC; Shaw Shank, LLC; Bunker Hillside, LLC; Funding Guarantee, LLC;

Newline Cash, LLC; Wealth Fitness, LLC; Zeal Funding Services, LLC;  AFAB Corp.; Ideal

Merchant Solutions; Money Online Services; and Pathfinder Enterprises, as well as any

additional entities so identified by the Receiver in any report to the Court.

L.      **"Remotely Created Check"** means a check that is not created by the paying bank and

that does not bear a signature applied, or purported to be applied, by the person on whose

account the check is drawn.  For purposes of this definition, an account includes any Financial

Account or credit or other arrangement that allows a person to draw checks that are payable by,

through, or at a bank.  For purposes of this definition, a Remotely Created Check originates as a

paper-based transaction, but can be processed subsequently through electronic means (such as

through check imaging or scanning) or through non-electronic means.  A Remotely Created

Check is often also referred to as an "RCC," "demand draft," "bank draft," "bank check," or

"preauthorized draft."

M.      **"Remotely Created Payment Order"** ("RCPO") means a payment instruction or order

drawn on a person's account that is initiated or created by the payee and that does not bear a

signature applied, or purported to be applied, by the person on whose account the order is drawn,

and which is deposited into or cleared through the check clearing system.  For purposes of this

definition, an account includes any Financial Account or credit or other arrangement that allows

checks, payment instructions, or orders to be drawn against it that are payable by, through, or at

a bank.  For purposes of this definition, unlike a Remotely Created Check, a Remotely Created

Payment Order does not originate as a paper-based transaction. A Remotely Created Payment

Order is created when a seller, merchant, payment processor, or other entity directly or indirectly

enters Financial Account and routing numbers into an electronic check template that is converted

into an electronic file for deposit into the check clearing system.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**ORDER**

**I.  Ban on Collection of Consumer Account Information**

IT IS ORDERED that Defendant is permanently restrained and enjoined from collecting, selling, renting, brokering, purchasing, transferring, or otherwise disclosing, a consumer's account number or similar identifier, or assisting others in collecting, selling, renting, brokering, purchasing, transferring, or disclosing of a consumer's account number or similar identifier, in any form, including but not limited to lists or computer media, to, from, for, or with any unaffiliated third party.   Notwithstanding the foregoing, Defendant may disclose a consumer's account number or other identifier that a consumer directly gives to him, provided that (a) Defendant's disclosure is for the sole purpose of permitting him to process and complete a specific transaction expressly authorized by the consumer, and such transaction is otherwise permitted by this Order; and (b) Defendant destroys consumer account information within 30 days of processing a transaction for that consumer, except as necessary to comply with Sections III (Injunction Requiring Consumer Authorization), VIII (Consumer Information), and XIII (Recordkeeping) of this Order.

**II.  Ban on Remotely Created Checks and Payment Orders**

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from:

A.      Creating or causing to be created, directly or indirectly, or assisting others in creating or

causing to be created, directly or indirectly, a Remotely Created Check or a Remotely Created

Payment Order as payment for products or services;

B.      Accepting from a consumer, directly or indirectly, or assisting others in accepting from a

consumer, directly or indirectly, a Cash-to-Cash Money Transfer or Cash Reload Mechanism as

payment for products or services.

### III.  Injunction Requiring Consumer Authorization

IT IS FURTHER ORDERED that Defendant, his agents, servants, employees, and

attorneys, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order, whether acting directly or indirectly, are permanently restrained and

enjoined from, or assisting others engaged in, Charging or attempting to Charge any consumer's

Financial Account for any product or service, unless:

A.      The payment method being used is otherwise permitted by this Order;

B.      Before obtaining the consumer's Financial Account information, the Defendant or the

entity Charging the consumer's Financial Account clearly and conspicuously discloses to the

consumer all material terms of the transaction, including but not limited to:

i.      A description of the products or services being offered;

ii.     A telephone number for customer inquiry that is promptly answered during all

normal business hours;

iii.    Whether any recurring Charges will be Charged to the consumer;

iv.     The manner in which the consumer may cancel the Charge or obtain a refund; and

v.      The total cost of such products or services, including the number or amount of

any installments to be paid by the consumer;

C.      The consumer provides express consent for the Charge directly to Defendant or the entity

Charging the consumer's account; and

D.      For any products or services marketed, distributed, or sold by Defendant or an entity for

whom Defendant serves as an actual or de facto officer or owner:

       i.      Prior to Defendant or the entity Charging the consumer's account, Defendant

obtains (and retains) competent and reliable evidence that clearly and convincingly proves the

consumer's express consent for the Charge in full compliance with this Section;

      ii.      The consumer provides his Financial Account information directly to Defendant

or to the entity Charging the consumer's Financial Account; and

      iii.      The consumer expresses consent to the Charge, as required by this Section, by (i)

the consumer taking an affirmative action (e.g., checking a box, clicking a button); and (ii) the

consumer sending a subsequent affirmative confirmation via a separate conduit than the initial

affirmative action (e.g., sending an email after clicking a website box).

## IV.  Injunction Against Misrepresentations

IT IS FURTHER ORDERED that, in connection with the advertising, marketing,

promotion, offering for sale, or sale of any product or service or the Charging of any Financial

Account, Defendant, his agents, servants, employees, and attorneys, and all other persons in

active concert or participation with any of them, who receive actual notice of this Order, whether

acting directly or indirectly, are permanently restrained and enjoined from misrepresenting or

assisting others in misrepresenting, expressly or by implication, any material fact, including but

not limited to:

A.      Consumer authorization for a Charge;

B.      The nature or terms of any refund or cancellation, including but not limited to entitlement

to a refund or cancellation and the manner in which a refund or cancellation can be obtained or when it will be received;

C.      Any recurring Charges, including but not limited to the amount and frequency of any such recurring Charges;

D.      The total cost to purchase and the quantity of such products or services, including the number or amount of any installments to be paid;

E.      Any  restriction, limitation, or condition to purchase, receive, or use the products or services;

F.      Any  aspect of the performance, efficacy, nature, or characteristic of the product or service; and

G.      That a person or entity is affiliated with, endorsed or approved by, or otherwise connected to any other person, business entity, charitable organization, or government entity.

## V.   Monetary Judgment

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Twenty-Five Million Dollars ($25,000,000) is entered in favor of the Commission against Defendant as equitable monetary relief.  This judgment shall be reduced by funds turned over to the Commission by the Defendant or the Receiver as set forth below.  All taxes and fees assessed against the Defendants or Receiver resulting from the sale or transfer of assets shall not reduce the amount of the judgment.  Upon the payments and all other asset transfers set forth in such Subsections V (B) and (C), the remainder of the judgment is suspended.

B.      Defendant is ordered to

         i.      Within 5 days of entry of this Order, pay to the Commission all material assets.

Such payment must be made by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.      Defendants shall maintain and take no action to diminish or encumber the value of the properties to be transferred.  Defendants are further ordered to cooperate fully with the Receiver and take such steps as the Receiver may require to sell such property, including but not limited to providing a power of attorney within 5 days, transferring possession to the Receiver, and signing all necessary documents.  The Receiver shall sell such property and use the proceeds of the sale to pay any necessary expenses relating to the sale and, if granted by the Court upon Motion by the Receiver, reasonable compensation for the performance of the Receiver's duties.  The Receiver shall transfer the remaining funds to the Commission.

D.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

> i.     The Financial Statement of Individual Defendant Shawn Sunyich signed on May 10, 2013 and updated on September 15, 2013, including the attachments, and the statement under penalty of perjury dated September 15, 2013;

E.      The suspension of the judgment will be lifted as to Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the inancial representations identified above.

F.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection V(A), which the parties stipulate only for

purposes of this Section represents the consumer injury, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI.   Additional Monetary Provisions

IT IS FURTHER ORDERED that:

A.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred or to be transferred pursuant to this Order.  Defendant will not seek to prevent the Receiver from obtaining assets of any Receivership Entity or the return of any assets previously held by any Defendant or Receivership Entity, including but not limited to reserve funds held by third parties on behalf of or for the benefit of any Receivership Entity.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. 7701.

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a

representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.      The Commission may request any tax-related information, including amended tax returns and any other filings, that Defendant has the authority to release.  Within 14 days of receipt of a written request from a representative of the Commission, Defendant must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission.

## VII.    Lifting of the Asset Freeze

IT IS FURTHER ORDERED that the freeze against the assets of Defendant pursuant to the Temporary Restraining Order entered by this Court on January 30, 2013, by the Preliminary Injunction entered on February 15, 2013, and the Preliminary Injunction entered on May 8, 2013, shall be lifted for the sole purpose of transferring assets pursuant to this Order, and shall be dissolved upon the transfer of all such assets.

## VIII.   Consumer Information

IT IS FURTHER ORDERED that Defendant, his agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.      Failing to provide sufficient consumer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days;

B.      Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other Financial Account) that any Defendant obtained prior to entry of this Order in connection with any business of a Receivership Entity; and

C.      Failing to destroy such consumer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

        Provided, however, that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.  Cooperation with Receiver

        IT IS FURTHER ORDERED that Defendant shall cooperate fully with the Receiver in

A.      Pursuing any and all claims by the Receiver against other persons or entities;

B.      Pursuing any and all funds or assets of a Receivership Entity;

C.      Defending any and all actions or claims brought against the Receiver, the receivership estate, or any Receivership Entity by other persons or entities;

D.      Executing any documents necessary to transfer assets or ownership interests to the Receiver;

E.     Refraining from any act that would interfere with or impede the Receiver in execution of the performance of his duties.

In the event that it is necessary to execute additional documents to transfer or liquidate assets of a Receivership Entity or any other assets that are to be surrendered under this Order, or to dissolve and wind up the Receivership Entities, Defendant shall execute such documents within 5 days of a request from the Receiver or the FTC.

## X.    Cooperation

IT IS FURTHER ORDERED that Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant must provide truthful and complete information, evidence, and testimony.  Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without service of a subpoena.

## XI.   Order Acknowledgements

IT IS FURTHER ORDERED that:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 10 years after entry of this Order, Defendant, for any business that such Defendant, individually or collectively with any other Corporate Defendant or Individual Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and

representatives who participate in online commerce; (3) any business entity resulting from any change in structure as set forth in the Section entitled Compliance Reporting; and (4) any third-party facilitator for Charges, including but not limited to payment processors and list brokers. Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.    Compliance Reporting

IT IS FURTHER ORDERED that, one year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, in which:

A.     Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     Additionally, Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or

otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

C.      For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

      i.    Defendant must report any change in (a) any designated point of contact; or (b) the structure of any entity in which Defendant has any ownership interest or which Defendant controls directly or indirectly that may affect compliance obligations arising under this Order, including the creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      ii.   Additionally, Defendant must report any change in (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

D.      Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

E.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full

name, title (if applicable), and signature.

F.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *FTC v. Ideal Financial Solutions*, X130044.

## XIII.   Recordkeeping

IT IS FURTHER ORDERED that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant for any business that Defendant, individually or collectively with any other Corporate Defendants or Individual Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Proof of consumers' consent and confirmation to a Charge, which includes the consumer's name, phone number, and address; the manner, time, place, and method of the consent; and the underlying electronic data, such as archived website pages and computer and server logs, which are sufficient to readily reconstruct and show the complete online consumer experience and full transaction path, and which constitute sufficient electronic or digital evidence of consent and confirmation.

B.     Accounting records showing the revenues from all goods or services sold;

C.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) reason for termination;

D.     Records of all consumer complaints and refund requests, whether received directly or

indirectly, such as through a third party, and any response;

E.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

F.     A copy of each unique advertisement or other marketing material, including affiliate network materials; and

G.     Any documentation of commercial transactions or contracts with payment processors or list brokers.

## XIV.   Compliance Monitoring

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including the financial representations upon which part or all of the judgment was based, and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any

individual or entity affiliated with Defendant, without the necessity of identification or prior

notice. Nothing in this Order limits the Commission's lawful use of compulsory process,

pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any credit reporting

agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the

Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### XV.    Retention of Jurisdiction

This Court shall retain jurisdiction over this matter for purposes of construction,

modification, and enforcement of this Order.

**IT IS SO STIPULATED** this **29** day of May, 2014.

/s/ R. Michael Waller
R. Michael Waller, Esq.
Megan A. Bartley, Esq.
Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Ave, NW, M-8102B
Washington, DC 20580
*Attorneys for the FTC*

Shawn Sunyich
1238 W. 300 N.
St. George, UT 84770
shawn.sunyich@gmail.com
*Defendant*

### ORDER

**IT IS SO ORDERED.**

Dated:   June 5, 2014.

UNITED STATES DISTRICT JUDGE