# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Federal Trade Commission,

    Plaintiff

vs.

Ideal Financial Solutions, Inc., et al.,

    Defendants

Case No.: 2:13-cv-00143-JAD-GWF

**Order re Doc. 165**

    This case centers around the Federal Trade Commission's allegations that defendants—corporate entities and the individuals who controlled them—have taken money from consumers' bank accounts or billed their credit cards without their knowledge, consent, or prior adequate notice since 2009. Doc. 32 at 9. The court appointed Thomas McNamara of Ballard & Spahr as the receiver for various defendants in February 2013. Doc. 18. The receiver has applied for an order approving certain of his fees and expenses and those of his attorneys. Doc. 165. The court now denies the request without prejudice to its resubmission with additional information required by Local Rule 66-6.

## Discussion

    McNamara's application is supported by his own declaration justifying the requested fees and expenses he seeks. Local Rule 66-6 governs this application and provides, in part, "The application shall state under oath that the applicant has not entered into any agreement, written or oral, express or implied, with any other person concerning the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof."[1] Attestation of this fact is absent from McNamara's declaration. Accordingly, the receiver's February 2014 interim application for fees and expenses is denied without prejudice to permit the filing of a new application that complies with

---

[1] Nev. L.R. 66-6. Although this Local Rule states that a receiver may only receive attorney's fees after a "hearing," Local Rule 78-2 provides that "all motions may, in the Court's discretion, be considered and decided with or without a hearing." Nev. L.R. 78-2.

Local Rule 66-6.

## Conclusion

Accordingly, it is HEREBY ORDERED that the Receiver's Interim Application for Order Approving Fees and Expenses of the Receiver and his Professionals [Doc. 165] is **DENIED** without prejudice; the receiver should resubmit the application in a manner that fully complies with LR 66-6.

DATED August 7, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE