# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Federal Trade Commission,

    Plaintiff,

vs.

Ideal Financial Solutions, Inc., et al.,

    Defendants.

Case No.: 2:13-cv-00143-JAD-GWF

**Order Denying Steven Sunyich's Motion to Dismiss [Doc. 195]**

    Currently before the Court is Defendant Steven Sunyich's "motion to dismiss," which Defendant Federal Trade Commission argues is untimely under the court's scheduling order. Docs. 195, 197. Sunyich, the FTC, and other parties to the case explicitly stipulated to dates in the scheduling order on May 16, 2013. Doc. 66 at 8. On May 30, 2013, the court adopted the parties' proposed dates. *Id.* Under the scheduling order entered into the record, dispositive motions, which include motions to dismiss, were due by March 19, 2014. *Id.* at 4. Sunyich filed the instant "motion to dismiss" on June 14, 2014—nearly three months after the dispositive deadline expired.

    Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[1] In an apparent attempt to demonstrate good cause, Sunyich, insists that "he is NOT an attorney," and "was not aware of the five-month time limitation under Rule 12(b)(6)." Doc. 198 at 7. Sunyich's bald statement that he was "not aware" of the scheduling deadlines that he previously stipulated to fails to demonstrate good cause. And Sunyich's lack of legal sophistication cannot justify his negligence; the scheduling order is not a complex treatise on an arcane jurisprudential topic, but a short and straightforward document that established firm dates that Sunyich, himself, agreed to. *See* Doc. 6 at 8. Because Sunyich's motion is untimely and he failed to demonstrate good cause for modification of the court's scheduling order under Rule 16(b)(4), Sunyich's motion is denied.

---

[1] Fed. R. Civ. Proc. 16(b)(4).

1    Accordingly, it is HEREBY ORDERED that Defendant Steven Sunyich's Motion to Dismiss
2 **[Doc. 195] is DENIED.**
3    DATED September 2, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE