# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Federal Trade Commission,

    Plaintiff

vs.

Ideal Financial Solutions, Inc., et al.,

    Defendants

Case No.: 2:13-cv-143-JAD-GWF

**Order re: Doc. 207**

    Receiver Thomas McNamara applies for an interim payment of attorney's fees and costs for work performed as the Receiver in this trade enforcement case. Doc. 207. He seeks $7,180.37 for his accounting fees, plus payment of $59,847.65 in attorney's fees and $6,935.52 in expenses incurred by his counsel in this matter. *See id.* The motion is unopposed, and McNamara has complied with both the plain language of the preliminary injunction and this district's local rules. Thus, I grant his motion and authorize disbursement of the requested amounts from the seized funds.

## Background

    This case centers around the Federal Trade Commission's allegations that defendants charged consumers large, unauthorized electronic fees through third-party merchant accounts. Doc. 32. The court entered a preliminary injunction against many of the individual defendants in this case, enjoining them from transferring any cash assets, ordering them to relinquish specific funds to the receiver, and authorizing the receiver to manage these assets. Doc. 18.

    Receiver McNamara previously moved for approval of attorney fees and costs incurred as a result of this suit, Doc. 165, but that motion was denied without prejudice because the Receiver failed to comply with Nevada's Local Rule 66-6 by affirming that McNamara "has not entered into any agreement, written or oral, express or implied, with any other person concerning the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof." Doc. 201 at 1. McNamara now re-submits his motion. Doc.

207. I find this renewed motion to have been adequately briefed and capable of disposition without oral argument.[1]

**Discussion**

Federal Rule of Civil Procedure 66 governs the appointment of receivers and specifies that "the practice in administering an estate by a receiver or similar court-appointed officer must accord with the historical practice in federal courts or with a local rule."[2] The Nevada local rules provide that "A receiver shall not employ an attorney, accountant, or investigator without first obtaining an order of the Court authorizing such employment. The compensation of such persons shall be fixed by the Court, after hearing, upon the applicant's verified application setting forth in reasonable detail the nature of the services. The application shall state under oath that the applicant has not entered into any agreement, written or oral, express or implied, with any other person concerning the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof."[3] "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys."[4] Generally, the Ninth Circuit reviews a district court's fee determination for abuse of discretion.[5]

Section XI(J) of the Court's preliminary injunction provides for the appointment of a receiver, and authorizes the receiver to request certain fees. Doc. 18 at 16. The receiver is authorized to "[c]hoose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities[.]" *Id.* Additionally, Section

---

[1] Nev. L.R. 78-2.

[2] Fed. R. Civ. Proc. 66.

[3] Nev. L.R. 66-6.

[4] *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *S.E.C. v. Schooler*, 2013 WL 5945051, at *2 (S.D. Cal. Nov. 5, 2013) (quoting *Webster*).

[5] *United States v. United Foam Corp.*, 618 F.2d 577, 580 (9th Cir. 1980); *see In re San Vicente Medical Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

2

XVI of the Preliminary Injunction provides for the compensation of the receiver and his professionals:

> The Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them from the Assets now held by or in the possession or control of, or which may be received by, Receivership Entities. The Receiver shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of any report under this Order. The Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

Doc. 18 at 19. In support of his application, McNamara submits his declaration, which sets out the fees and expenses incurred by both himself and the attorneys retained on his behalf, as well as a detailed explanation of the actions taken in furtherance of the receivership. Doc. 207-1. McNamara also declares that his fees, and those of his attorneys, have been discounted 15% from their customary rates. *Id.* at 3. Finally, he declares that as to his law firm, "multiple administrative and other tasks . . . have not been billed." *Id.* To this declaration McNamara attaches invoices detailing the services for which he and his attorneys seek compensation. Docs. 207-2, 207-3. Finally, in compliance with Local Rule 66-6, McNamara's declaration includes the appropriate affirmation that he has not entered into any agreement regarding "the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof." Doc. 207-1 at 4. As of the date of McNamara's application, the receivership had cash funds of $948,324.22. Doc. 207-1 at 3.[6]

I find the motion, McNamara's declaration, and the supporting exhibits satisfy McNamara's request for $7,180.37 in receiver fees, as well as payment of $59,847.65 in attorney's fees and $6,935.52 in expenses incurred by his counsel in this matter. These fees and costs are awarded in full.

---

[6] On November 11, 2014, McNamara submitted a Seventh Interim Receiver's Report, indicating that "The receivership bank account has a current balance of $948,580.07 (funds collected of $1,144,821.78 less disbursements of $196,241.71)." Doc. 213 at 4. This marginal difference in account balance does not alter the disposition of the motion currently before me.

3

**Conclusion**

Accordingly, with good cause appearing and no reason for delay,

It is HEREBY ORDERED that the Interim Application of Receiver for Order Approving Fees and Expenses of the Receiver and His Professionals [Doc. 207] is **GRANTED**. The Receiver is directed to pay the invoices in the amounts of: $7,180.37 in receiver fees, $59,847.65 in attorney's fees to the Receiver's counsel, and $6,935.52 in expenses incurred by the Receiver's his counsel in this matter.

DATED: December 1, 2014

_____
Jennifer A. Dorsey
United States District Judge