UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff<br><br>vs.<br><br>Ideal Financial Solutions, Inc., et al.,<br><br>    Defendants | Case No.: 2:13-cv-143-JAD-GWF<br><br>**Order Approving Receiver's Interim Application for Order Approving Fees and Expenses of the Receiver and His Professionals**<br><br>[ECF 242] |

Receiver Thomas McNamara applies for an interim payment of attorney's fees and costs for work performed as the receiver in this trade-enforcement case.[1] He seeks $3,150.13 for his services for the period of September 1, 2014, through November 30, 2015; and a total of $20,462.12 in attorneys' fees and $484.36 in litigation costs incurred by his counsel for receivership matters.[2] The motion is unopposed, and McNamara has complied with both the plain language of the preliminary injunction and this district's local rules. I find this application appropriate for resolution without oral argument,[3] and I grant his motion and authorize disbursement of the requested amounts from the seized funds.

**Discussion**

Federal Rule of Civil Procedure 66 governs the appointment of receivers and specifies that "the practice in administering an estate by a receiver or similar court-appointed officer must accord with the historical practice in federal courts or with a local rule."[4] The District of Nevada's local rules provide that "[a] receiver shall not employ an attorney, accountant, or investigator without first

---

[1] ECF 242.

[2] *Id*. at 1.

[3] LR 78-2.

[4] Fed. R. Civ. P. 66.

obtaining an order of the Court authorizing such employment.  The compensation of such persons shall be fixed by the Court, after hearing, upon the applicant's verified application setting forth in reasonable detail the nature of the services.  The application shall state under oath that the applicant has not entered into any agreement, written or oral, express or implied, with any other person concerning the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof."[5]  "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys."[6]  Generally, the Ninth Circuit reviews a district court's fee determination for abuse of discretion.[7]

Section XI(J) of the court's preliminary injunction provides for the appointment of a receiver and authorizes the receiver to request certain fees.[8]  The receiver is authorized to "[c]hoose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities[.]"[9]  Additionally, Section XVI of the order provides for the compensation of the receiver and his professionals:

> The Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them from the Assets now held by or in the possession or control of, or which may be received by, Receivership Entities. The Receiver shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of any report under this Order. The Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.[10]

---

[5] LR 66-6.

[6] *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *S.E.C. v. Schooler*, 2013 WL 5945051, at *2 (S.D. Cal. Nov. 5, 2013) (quoting *Webster*).

[7] *United States v. United Foam Corp.*, 618 F.2d 577, 580 (9th Cir. 1980); *see In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

[8] ECF 18 at 16.

[9] *Id.*

[10] ECF 18 at 19.

In support of his application, McNamara submits his declaration, which sets out the fees and expenses incurred by both him and the attorneys retained on his behalf, and provides detailed explanation of the actions taken in furtherance of the receivership.[11]  McNamara also declares that his fees, and those of his attorneys, have been discounted 15% from their customary rates.[12]  To this declaration McNamara attaches invoices detailing the services for which he and his attorneys seek compensation.[13]  As of the date of McNamara's application, the receivership had cash funds of $876,121.56.[14]

I find that the motion, McNamara's declaration, and its supporting exhibits satisfy McNamara's request for $3,150.13 for his services for the period of September 1, 2014, through November 30, 2015; and a total of $20,462.12 in attorneys fees and $484.36 in litigation costs incurred by his counsel for receivership matters.  I approve the payment of these requested fees and costs.

## Conclusion

Accordingly, with good cause appearing and no reason for delay,

It is HEREBY ORDERED that the Interim Application of Receiver for Order Approving Fees and Expenses of the Receiver and His Professionals **[ECF 242] is GRANTED**.  The Receiver is directed to pay the invoices in the amounts of: $3,150.13 in fees to Thomas W. McNamara as Receiver; $2,613.32 in fees and $298.39 in expenses to Receiver's counsel Ballard Spahr; $212.00 in fees to Receiver's local Nevada counsel, Ballard Spahr LLP; and $17,636.80 in fees and $185.97 in expenses to Receiver's counsel McNamara Benjamin.

DATED: January 26, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[11] ECF 242-1

[12] *Id.*

[13] ECF 242-2–242-5.

[14] ECF 242-1 at 3.