UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission, | 2:13-cv-00143-JAD-GWF |
|     Plaintiff | **Order Granting Capital One Auto Finance's Motion to Intervene and Terminate Stay for Limited Purpose** |
| v. | |
| Ideal Financial Solutions, Inc., et al, | [ECF 219] |
|     Defendants | |

This trade-enforcement action alleges a wide-ranging fraud scheme in which Ideal Financial Solutions, Inc., through a host of shell entities, purchased consumer bank and credit card information from payday-loan vendors and charged unwitting consumers a fee for financial services never provided. The Federal Trade Commission ("FTC") sued Ideal, its related entities, and the people who controlled them. Defaults and consent judgments have been entered against the majority of the defendants,[1] and on June 30, 2015, I granted summary judgment on the issue of liability against all remaining defendants.[2]

Capital One Auto Finance, a Division of Capital One, N.A.,[3] moves to intervene in this case

---

[1] ECF 190, 191, 192, 193.

[2] ECF 223.

[3] The parties are hereby notified that the financial portfolio of the district judge assigned to this case contained shares of Capital One Financial Corp. stock from 6/21/13 through 7/2/15. When the judge learned that Capital One Auto Finance, a Division of Capital One, N.A., had filed a motion to intervene in this case, she divested her portfolio of the Capital One Financial Corp. stock. 28 U.S.C. § 455(b)(4) requires judicial disqualification when a presiding judge has a financial interest in a party to a proceeding. But under 28 U.S.C. § 455(f), "disqualification is not required if the . . . judge . . . divests . . . herself of the interest that provides the grounds for the disqualification" and "substantial judicial time has been devoted to the matter." This case is three years old and the undersigned devoted substantial judicial time to this case before the motion to intervene was filed. The undersigned took no action in this case on Capital One Auto Finance's pending motion while her portfolio held this interest. Accordingly, the undersigned does not find that disqualification is required under these circumstances.

for the sole purpose of terminating the stay so that it can liquidate its collateral—a 2006 BMW, with Vehicle Identification Number WBAHL835X6DT03348—that is currently in its possession.[4]  The vehicle is owned by defendant Steven Sunyich and is subject to this court's February 15, 2013, order, which granted the FTC's motion for preliminary injunction and froze defendants' assets.[5]  No party has opposed Capital One's motion, and Capital One has agreed that any overage collected from the vehicle's sale will be forwarded to the Receiver for the benefit of the Estate.[6]  Having reviewed Capital One's motion, exhibit,[7] and related filings, and having received no opposition from Steven Sunyich or any other party to this case although they have had more than ten months to file one, I find good cause to grant the unopposed motion.

Accordingly, IT IS HEREBY ORDERED that **Capital One Auto Finance's motion to intervene [ECF 219] is GRANTED**:

1. Capital One is permitted to intervene to protect and obtain relief on its interest in the vehicle, a 2006 BMW, VIN number WBAHL835X6DT03348;

2. The stay is terminated only with respect to this vehicle, which Capital One may sell and liquidate; and

3. Any excess proceeds must be paid to the Receiver for the benefit of the Estate.

DATED February 10, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[4] ECF 219.

[5] ECF 18 at 8–9.

[6] ECF 219.

[7] Capital One offers the declaration of its agent, Nicolas Rodriguez, who states that the Loan and Security Agreement for this vehicle is attached to his declaration as Exhibit 1, but no exhibit was filed.  *See* ECF 219-1 at ¶ 3.  This omission is likely an oversight.  Rodriguez states he has reviewed the document and that Capital One Auto Finance is the current lien holder and has possession of the vehicle.  No party disputes these representations or raises any concern that the document has not been submitted for my review, and I find Rodriguez's declaration competent and sufficiently reliable evidence of the document's contents.