Thomas W. McNamara
tmcnamara@mcnamarallp.com
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401

*Court-Appointed Receiver*

Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Tel.:   702-471-7000
Fax:   702-471-7070

Andrew W. Robertson (*Pro Hac Vice*)
arobertson@mcnamarallp.com
Daniel M. Benjamin (*Pro Hac Vice*)
dbenjamin@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401

*Attorneys for Court-Appointed Receiver*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IDEAL FINANCIAL SOLUTIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:13-CV-0143-JAD-GWF<br><br>**STIPULATION AND ORDER EXTENDING COMPLETION DEADLINE FOR RECEIVER**<br><br>JUDGE:　Hon. Jennifer A. Dorsey<br>CTRM:　6C |

| | |
|---|---|
| 1 | WHEREAS, the plaintiff Federal Trade Commission ("FTC") instituted this action |
| 2 | against Defendants Ideal Financial Solutions, Inc.; Ascot Crossing, LLC; Chandon Group, Inc.; |
| 3 | Bracknell Shore, Ltd.; Fiscal Fitness, LLC; Avanix, LLC; Steven Sunyich; Christopher Sunyich; |
| 4 | Michael Sunyich; Shawn Sunyich; Melissa Sunyich Gardner; Kent Brown; and Jared Mosher |
| 5 | (collectively, "Defendants"). |
| 6 | WHEREAS, Thomas W. McNamara was first appointed Receiver in this matter by a |
| 7 | Temporary Restraining Order ("TRO") filed January 30, 2013 (ECF No. 10), which appointment |
| 8 | was confirmed, and the temporary designation removed, by the Preliminary Injunctions entered |
| 9 | February 15, 2013 (ECF No. 18) and May 10, 2013 (ECF No. 49). |
| 10 | WHEREAS, on November 16, 2015, the Receiver initiated litigation in this Court against |
| 11 | third parties entitled *McNamara v. Voltage Pay, Inc., et al.*, D. Nev. Case No. 2:15-cv-02177 (the |
| 12 | "*Voltage* Action"). |
| 13 | WHEREAS, on February 23, 2016, this Court entered an Order Granting, in Part, Motion |
| 14 | for Summary Judgment and Motion for Default Judgment, Entering Final Judgment, and Closing |
| 15 | Case (ECF No. 248) (the "Judgment") that stated, in relevant part: "The Receiver must complete |
| 16 | all duties within 180 days of this order, but any party or the Receiver may request an extension |
| 17 | or shortening of the Receiver's term for good cause." (ECF No. 248 at 24:2-3). |
| 18 | WHEREAS, on August 12, 2016, the Receiver submitted a Stipulation and Order |
| 19 | extending the deadline for the completion of his duties. (ECF No. 254.) |
| 20 | WHEREAS, on August 15, 2016, the Court entered the Order which extended the |
| 21 | Receiver's completion deadline to August 22, 2017 (ECF No. 255). |
| 22 | WHEREAS, at the request of the FTC and as authorized by this Court, the Receiver is |
| 23 | currently carrying out the foreclosure process on various properties belonging to the Defendants, |
| 24 | at least one of which is subject to a one-year redemption period that likely prevents any sale until |
| 25 | the redemption period has expired, as specified in the Receiver's Quarterly Report filed on |
| 26 | August 7, 2017. |
| 27 | WHEREAS, the *Voltage* Action is still pending, with expert discovery ongoing. |
| 28 | /// |

WHEREAS, the FTC and Receiver are therefore in agreement that there is good cause to extend the receivership for one year, until August 22, 2018; provided, however, that should the Receiver complete the foreclosures and the *Voltage* Action prior to that date, then within thirty days of completion of all such tasks, the Receiver shall make an application to close the receivership, to discharge and exonerate the Receiver, and for approval of any then-outstanding fees and costs.

NOW THEREFORE, it is hereby stipulated by and between the FTC and the Receiver as follows:

1. The Preliminary Injunctions, including but not limited to the appointment of the Receiver, created in ECF Nos. 18, and 49, as those Preliminary Injunctions were then modified by ECF No. 248 and ECF No. 255, are hereby continued in full force and effect until August 22, 2018.

2. Should the Receiver complete the foreclosures and the *Voltage* Action prior to August 22, 2018, then within thirty days of completion of all such tasks, the Receiver shall make an application to close the receivership, to discharge and exonerate the Receiver, and for approval of any then-outstanding fees and costs.

Dated: August 9, 2017        FEDERAL TRADE COMMISSION

By: /s/ R. MICHAEL WALLER
R. MICHAEL WALLER
*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

Dated: August 9, 2017        MCNAMARA SMITH LLP

By: /s/ DANIEL M. BENJAMIN
Daniel M. Benjamin
*Attorneys for Thomas W. McNamara,*
*Court-Appointed Receiver*

**IT IS SO ORDERED.**

Dated: August 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

2